```
 1                    UNITED STATES BANKRUPTCY COURT

 2                        DISTRICT OF PUERTO RICO

 3    In Re:                              )  Docket No. 23-03681-ESL11
                                          )  Chapter 11 SUBCHAPTER V
 4    JUAN MANUEL BARRETO GINORIO,        )
                                          )  Old San Juan, Puerto Rico
 5              Debtor.                   )  December 12, 2023
                                          )
 6    - - - - - - - - - - - - - - - x     )

 7   _____

 8                           STATUS CONFERENCE

 9          BEFORE THE HONORABLE ENRIQUE S. LAMOUTTE INCLAN

10                    UNITED STATES BANKRUPTCY JUDGE.
     _____
11

12
     APPEARANCES:
13
      For the Debtor:              WILLIAM RIVERA-VELEZ, ESQ.
14
      For the Trustee:             JULIO E. GUZMAN-CARCACHE, ESQ.
15
      For Condado 5, LLC:          TOMAS F. BLANCO-PEREZ, ESQ.
16

17

18

19

20

21

22

23

24   PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING.

25   TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
```



```
1                                    Old San Juan, Puerto Rico
2                                    December 12, 2023
3                                    At or about 10:01 a.m.
4                           *     *     *
5            MR. RIVERA-VELEZ:  Present William Rivera-Velez on
6    behalf of the debtor.
7            MR. BLANCO-PEREZ:  Good morning, Your Honor, parties
8    present, and courtroom staff.  On behalf of Condado 5, LLC,
9    Tomas Blanco.
10           MR. GUZMAN-CARCACHE:  Good morning, Your Honor.
11   Julio Guzman on behalf of the U.S. Trustee.
12           THE COURT:  Good morning to you all.  One second.
13           Well, in this case the Court has scheduled a status
14   conference in this Chapter 11 subchapter V case.  I note that
15   a report was filed on November 30, 2023 at docket number 28.
16   But I will hear from the debtor's counsel.
17           MR. RIVERA-VELEZ:  For the record again, William
18   Rivera-Velez on behalf of the debtor.  As stated, Your Honor,
19   the status request was filed at docket 28.  The debtor is an
20   individual.  He operates two legal entities:  JM Dairy and Las
21   Martas.  He also owns -- rents a real property.  They accept
22   to file the plan on or before February 26th, 2024.  The
23   estimated fees are 80,000; that includes attorney fees and
24   trustee fees.
25           The 341 meeting was continued in this case, it was
```



1   continued for January 12th.  And the reason why, Your Honor,
2   is that the trustee at that time has had another 341 meeting
3   pending, so the meeting was continued.  Nevertheless, the
4   debtor's working with the information and the amendments to
5   the case.  The trustee allow us 21 days to file the same.  We
6   expect to file all these documents and provide all the
7   information within that time frame.
8               THE COURT:  Although I have some questions to
9   debtor's attorney, I will defer them until after I hear from
10  the creditor in this case, Condado 5, LLC and from the U.S.
11  trustee, as I note that the subchapter V trustee is not
12  present.
13              MR. BLANCO-PEREZ:  For the record, Atty. Tomas Blanco
14  on behalf of Condado.  Your Honor, I spoke with the counsel
15  for the debtor earlier.  And I was trying to get him up to
16  date on the history of this case and the history of Las Martas
17  case which is, as you know, related to this case and was
18  recently dismissed.  I told him to get a sense of this case,
19  to read your opinion and order dismissing the Las Martas case.
20  And he let me know that he was wanting to talk to us to
21  negotiate this case.  But at this point, we're waiting to see
22  what they would, in any case, have to offer.  And let them
23  know to just send us anything in writing.
24              But at this point, we are pretty much preparing
25  ourselves to try and dismiss this case, as you know, because

1  of the history of this case.  But that's basically it for us,
2  Your Honor.
3         THE COURT:  Well, the background is one of the key
4  issues which I have and that is --
5         MR. BLANCO-PEREZ:  Yeah.
6         THE COURT:  -- will be addressed because as I note
7  that the debtor in the status report mentioned owning two
8  dairies, JM Dairy Inc and Las Martas, Inc.  But there is some
9  expensive history, at least in cases that have been assigned
10 to this judge.
11        But before that, I will hear from the U.S. trustee.
12        MR. GUZMAN-CARCACHE:  Yes, Your Honor.  Good morning.
13 Julio Guzman for the U.S. trustee.  At the 341 meeting, we
14 requested several amendments and documents as to the cases.
15 We know that we need the Rule 2015.3 report for JM Dairy Inc
16 There's also the need to provide the proof of insurance as to
17 the debtor's real properties and the dairy farms and the
18 workmans' compensation insurance.
19        We also inquired before the hearing as to the need to
20 employ an accountant in this case.  So we asked Brother
21 Counsel who would be preparing the monthly operating reports.
22 As we understand it, the debtor's corporation, Las Martas, has
23 an accountant who will be preparing the monthly operating
24 reports free of charge or at no additional cost to what he's
25 already charging Las Martas, Inc.  So we were discussing the

1   need to file an application to employ an accountant in the
2   case, Your Honor.
3          I believe that as of today, since the case was filed
4   in November, there are no operating reports outstanding.  And
5   since this is a subchapter V, there are also no quarterly fees
6   due.
7          THE COURT:  Well, let me just make one note and I'll
8   address the issues which I have a concern.
9          MR. GUZMAN-CARCACHE:  We would also like to add, Your
10  Honor, that at the 341 meeting, there was some discrepancy as
11  to what the debtor has sold from the corporations he has
12  versus what he has actually been collecting.  And that is
13  something that we requested that be amended in the schedules.
14  And so if Brother Counsel could clarify that also, we could --
15         THE COURT:  So the intercompany debts with the
16  debtor?
17         MR. GUZMAN-CARCACHE:  Yes, Your Honor.
18         MR. RIVERA-VELEZ:  If I may, Your Honor?  I made
19  the --
20         THE COURT:  (Indiscernible).
21         MR. RIVERA-VELEZ:  Ah, I'm sorry.  As to that point,
22  Your Honor -- for the record again, William Rivera-Velez on
23  behalf of the debtor.  As to that point, the debtor was
24  questioned about the income that he's received from both
25  entities.  And because apparently it wasn't clear as to the

1  conversation he received or if any of the corporation has any
2  accounts receivable as to the income that the debtor was
3  receiving, the trustee requested more information.
4       We are actually compiling all of the information to
5  provide to the trustee, to actually express or inform, if any,
6  the accounts receivable from the corporation.  At this point,
7  the information that the debtor has provided is that there's
8  no debt as to the income that he's received.  Either way, we
9  are still receiving the information.  And once we have it, we
10 will send it to the trustee.
11      THE COURT:  Well, let me start before making some
12 specific questions.  Give a background to what is my main
13 concern regarding the filing of a Chapter 11 subchapter V case
14 by Mr. Juan Barreto Ginorio.  And that is that we have to go
15 back to 2011.  In 2011, three related cases were filed under
16 Chapter 12 of the Bankruptcy Code.  Those three cases are
17 11-05236 by the debtor hearing Juan Manuel Barreto Ginorio,
18 11-05237 Chapter 12 filed by Las Martas, Inc., and 11-05239 by
19 JM Dairy.  Those three cases were filed in 2011.  And they
20 were consolidated together since the debtor owned the two
21 corporate debtors.  And the main issue in those three cases
22 was the repayment of a debt to Condado 5, so that was the key
23 issue.  And that is since 2011.  And since the case were
24 consolidated, they were consolidated with the lowest number
25 case which was the case number 11-05236 of Juan Barreto.

1   That case was ultimately dismissed on January 16,
2  2018, as the U.S. trustee had requested the dismissal based
3  upon default on payments. In that case, I note that since
4  that time, the issue of repayment to Condado 5 was
5  highlighted. And at one point in time, there was a
6  stipulation between Condado 5 and the debtor in October 2017
7  to temper the payments to Condado due to the consequences of
8  hurricanes Irma and Maria. But the case was dismissed.
9   Then on December 14, 2018 the debtor Juan Manuel
10 Barreto Ginorio filed another Chapter 12 case; that's case
11 number 18-07310. That case was ultimately dismissed on July
12 25, 2019 at Condado 5's request. Then if we go to JM Dairy
13 Inc, we have that case originally filed in 2011 consolidated
14 with the Barreto case was also obviously dismissed because
15 they were considered together.
16  But in 2019 -- not 2018 as Mr. Barreto, but in 2019,
17 JM Dairy Inc filed a second Chapter 12 case, case number
18 19-02168. And that case was voluntarily dismissed on June 28,
19 2021 after Condado 5 had moved for the dismissal of the case
20 for failure to make payments. If we go to the case of Las
21 Martas, Inc., the Vaqueria Las Martas, also originally filed
22 in 2011 as I said, case number 11-05237, also consolidated and
23 which was dismissed. But a second case was filed. And that's
24 case number 18-07304, Chapter 12 case file on December 14th,
25 2018 that was dismissed on April 22, 2021. The dismissal was

1   appealed to the Bankruptcy Appellate Panel which affirmed the
2   dismissal on April -- I believe 21, 2022.
3   And then we have a case -- no. Then we have another
4   case which is case number 22-02380, another Chapter 12 case
5   that was dismissed. And the dismissal is still on appeal
6   before the Bankruptcy Appellate Panel and the decision has
7   already been made.
8   And now we have this case filed by the owner of the
9   two corporate entities. This is the third bankruptcy for the
10  individual, and the corporations owned by this individual have
11  filed at least two prior petitions each.
12  So my concern is history of the payment problems to
13  the secure creditor, Condado 5. And that is highlighted when
14  I read the income statement that has been filed in this case
15  which shows that the debtor has limited income. Then when I
16  review the schedules and I find the value that has been given
17  to the real properties or properties owned by the debtor and
18  the proof of claim that has already been filed by Condado 5 in
19  this case which exceeds 1 million dollars, and the properties
20  I don't think they reach 500,000. So clearly, Condado 5
21  continues to be an undersecured creditor. So that is the
22  background to my concern of the period of time that has lapsed
23  to restructure the repayment to Condado 5. And that in this
24  time that the debtor, instead of filing a Chapter 12 case, has
25  filed a Chapter 11 subchapter V.

1		So my questions are, one: Why subchapter V and not
2	Chapter 12?
3		MR. RIVERA-VELEZ: There's no real reason, Your
4	Honor. After reviewing the case, we decided that we prefer to
5	file a Chapter 11 case as a subchapter V. Besides that, Your
6	Honor -- and we explained to the debtor both the Chapter 12
7	case and the subchapter V. And after due consideration, he
8	elected to file this case. We have presented the 12
9	alternative. And at the end, that was the decision. But
10	there's no -- as to whether or not it's a strategy as to
11	whether it's a Chapter 12 or subchapter V, there's not.
12	Simply it's our decision after the debtor review all the
13	information.
14		THE COURT: Okay. And now, I know that the debtor
15	has already filed Schedules A and B. But let me ask, as to
16	the real properties, how many real properties does the debtor
17	own and what are their values?
18		MR. RIVERA-VELEZ: Well, the debtor owns two real
19	properties.
20		THE COURT: How many?
21		MR. RIVERA-VELEZ: Two.
22		THE COURT: Two?
23		MR. RIVERA-VELEZ: Yes, that's the one located in
24	Paseo Esmeralda (indiscernible) and that's his residence. The
25	value is 205,000 dollars. And there's also the property



1 located in Barrio Naranjito in Hatillo. And the value is

2 108,000 dollars there.

3 THE COURT: 100?

4 MR. RIVERA-VELEZ: 108.

5 THE COURT: So if I add those two real properties

6 together, it's 315,000. And the proof of claim --

7 MR. RIVERA-VELEZ: Proof of claim's --

8 THE COURT: Let me just doublecheck.

9 MR. RIVERA-VELEZ: It's around 1.6 million.

10 THE COURT: Yeah, right, 1.6 million, so it's a

11 substantial difference.

12 Okay. Now, in the report, the debtor discloses -- I

13 mean the report that was filed at docket 28, the debtor

14 discloses that the property is rented. Which is that

15 property? Of the two properties which is the property that is

16 rented?

17 MR. RIVERA-VELEZ: That is the property located in

18 Hatillo.

19 THE COURT: In Hatillo. That property's rented to

20 which --

21 MR. RIVERA-VELEZ: It's to Martas, Inc.

22 THE COURT: To Las Martas?

23 MR. RIVERA-VELEZ: To Las Martas, correct. Actually,

24 it's disclosed in Schedule J.

25 THE COURT: And JM Dairy operates where?



1   MR. RIVERA-VELEZ: The property that he operates
2 is -- that entity owns that real property.
3   THE COURT: So JM Dairy owns the property --
4   MR. RIVERA-VELEZ: Sorr.
5   THE COURT: -- in which it operates?
6   MR. RIVERA-VELEZ: No. I'm sorry. I'm sorry. I'm
7 mistaken. No, no.
8   THE COURT: Because I thought that there was --
9   MR. RIVERA-VELEZ: I confuse it with another case.
10   THE COURT: I thought that JM Dairy had no real
11 property.
12   MR. RIVERA-VELEZ: No, no, no. It does not. It's
13 actually he rent a real property. I'm sorry.
14   THE COURT: But not from the debtor?
15   MR. RIVERA-VELEZ: No, no. Not from the debtor.
16   THE COURT: Okay. I think that my expressions show
17 my -- my statements show my concern as to the debtor's ability
18 to have a plan. Obviously the (indiscernible) facts are
19 there. I don't see any possibility of Condado being paid the
20 total amount claim as a secured claim. But I think because
21 the value of the properties is just not there to pay in full.
22 And the operations of the dairies have not shown a capacity to
23 repay the debt, the secured debt.
24   So I am assuming that the statements made at the
25 beginning is that the debtor and Condado 5 will discuss again

1 what should happen as to reaching a repayment agreement. And
2 although there have been many -- that issue has been addressed
3 before. But we're back again in another bankruptcy case.
4     MR. BLANCO-PEREZ: Your Honor, if I may? We
5 understand why -- this is Atty. Tomas Blanco on behalf of
6 Condado 5. We understand why debtor's counsel is not really
7 aware of the history of this case. He's their fifth
8 bankruptcy attorney. And but we were not surprised by this
9 bankruptcy. As you know, in Las Martas' bankruptcy case, we
10 had an evidentiary hearing where the debtor testified. And
11 when asked what he would do if Las Martas' case was dismissed,
12 he stated that he would file for bankruptcy. Which for us is
13 a reason why this case was filed in bad faith.
14     There's been no significant changes in circumstances
15 in this case than the previous cases. The values of the
16 properties are exactly the same in this case as in the
17 previous bankruptcy cases. And we believe that the travel of
18 the case just -- they demonstrate how this case was filed in
19 bad faith.
20     And in any case, this is basically a two-party
21 dispute. This has been a two-party dispute for years. And
22 you can understand why our client is frustrated; because this
23 loan has been due and payable since I believe 2015 which is
24 for more than seven years. And it's just been a revolving
25 door of the debtor coming in and going out of bankruptcy.

1       So that is basically our position.  And obviously
2  this is not a hearing on a motion to dismiss, but I just want
3  to address the Court's concerns and what we believe are our
4  concerns as well, and just leave it at that.
5       MR. RIVERA-VELEZ:  I will be short.  William
6  Rivera-Velez on behalf of debtor.  Your Honor, I agree that
7  this case presents some challenges.  As is indicated to
8  Brother Counsel, our intention is to discuss whether or not we
9  can reach an agreement.  As to any allegations to bad faith,
10 that's not present before this Honorable Court at this point.
11 If that motion gets filed, we will file a response to it.
12      Nevertheless, Your Honor, our position and at least
13 our intention is to attempt to negotiate this case with
14 Condado and see if we can reach an agreement.  If that is the
15 case or it's not, is there any other motion that is filed, we
16 will file a response to it.
17      THE COURT:  At this time, obviously there are no
18 specific motions before the Court.  I will entertain them as
19 they're filed.
20      MR. RIVERA-VELEZ:  I just want to inform, I receive a
21 text from the subchapter V trustee.  Apparently, he was not
22 aware of the hearing, it seems like, because the dates
23 changed.  Apparently, he was under the impression that the
24 hearing was tomorrow, where he's informed that he's trying to
25 communicate with the Court to express why he was not able to

```
 1  attend.
 2           THE COURT:  Any other matter in this case?
 3           MR. RIVERA-VELEZ:  Not from our part, Your Honor.
 4           MR. BLANCO-PEREZ:  Nothing from us either, Your
 5  Honor.
 6           MR. RIVERA-VELEZ:  May I be excused?
 7           THE COURT:  You're excused.  But considering what I
 8  have stated as to the history and travel of the cases
 9  involving or related to the debtor in this case, I'm going to
10  request a transcript of this hearing to be filed.
11           Thank you.  You are excused.
12           MR. BLANCO-PEREZ:  Thank you, Your Honor.
13           THE COURT:  And the Court recesses for the day.  And
14  you all have a good day.
15               (At 10:25 am, proceedings concluded.)
16                          *     *     *
17
18
19
20
21
22
23
24
25
```



```
1   U.S. BANKRUPTCY COURT  )

2   DISTRICT OF PUERTO RICO)

3

4            I certify that this transcript consisting of 14 pages

5   is a true and accurate transcription to the best of my ability

6   of the audio proceeding in this case before the Honorable

7   Enrique S. Lamoutte Inclan on December 12, 2023, as recorded

8   by the Courtroom Deputy.

9            Audio proceedings were recorded and were provided to

10  this reporter by the U.S. Bankruptcy Court, and this certified

11  reporter accepts no responsibility for any events that

12  occurred during the above proceedings, for any inaudible

13  and/or indiscernible responses by any person or party involved

14  in the proceeding or for the content of the audio recording

15  provided.

16

17  [signature: Colin Richilano]

18  _____

19  Colin Richilano, CDLT-252
    Official Court Transcriber
20
    December 22, 2023
21
    eScribers, LLC
22
    7227 N. 16th Street
23
    Suite #207
24
    Phoenix, AZ 85020
25
```



www.escribers.net | 800-257-0885