**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

IN RE

JUAN MANUEL BARRETO GINORIO

Debtor

CASE NO. 23-03681 (ESL)

CHAPTER 11

FILED AND ENTERED 12/8/2025

OPINION AND ORDER

This case is under the court's consideration upon the *Motion to Dismiss or Convert under 11 U.S.C. §1112(b)* filed by creditor Condado 5, LLC ("Condado") on October 24, 2025 (the "*Motion to Dismiss*", dkt. #135), the *Opposition to Motion to Dismiss* filed by Debtor on November 7, 2025 (the "*Opposition*", dkt. #143), and the *Pre-Trial Report* filed by the parties on November 14, 2025 (the "*Joint Report*", dkt. #147). The court took these matters under advisement after the hearing held on November 17, 2025 (see, dkt. #149). Also under the court's consideration is the *Urgent Motion for Entry of Order Pursuant to Section 1112(b)(3) of the Bankruptcy Code* filed by Condado on December 3, 2025 (the "*Urgent Motion*", dkt. #152).

Position of the Parties

The parties' positions in the *Motion to Dismiss* and the *Opposition* are as follows. Condado argues in the *Motion to Dismiss* that there is cause for dismissal of the instant case under Section 1112(b) of the Bankruptcy Code for Debtor's "unexcused failure to satisfy timely any filing or reporting requirement". See, 11 U.S.C. 1112(b)(1), (4). Specifically, Condado avers that, as of the date in which the *Motion to Dismiss* was filed, the Debtor had not yet filed the Monthly Operating Reports ("MORs") for August 2025 and September 2025. The Debtor posits in the *Opposition* that the alleged cause for dismissal was cured because they filed both the MORs for August 2025 and September 2025 on November 6, 2025 (see, dkts. ##141, 142), with the August report being only sixteen (16) days late. The Debtor argues that both MORs were not due until October 21, 2025 pursuant to Fed. R. Bankr. P. 2015(a)(6) because the *Opinion and Order* issued by the U.S. District Court for the District of Puerto Rico ("District Court"), whereby this case was remanded back to

-1-

this court, was entered on August 20, 2025 (dkt. #132). The Debtor also argues that the MOR for October was not due until November 21, 2025.

Condado further argues that because a hearing on the *Motion to Dismiss* was held on November 17, 2025, this court had fifteen (15) days thereafter, until December 2, 2025, to grant or deny the same. See, dkt. #152.

Applicable Law and Discussion

Section 1112(b) of the Bankruptcy Code provides that, after notice and a hearing, the court shall dismiss or convert a case to one under Chapter 7 if the movant establishes cause. See, 11 U.S.C. § 1112(b)(1). The term "cause" includes, but is not limited to, the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter", 11 U.S.C. § 1112(b)(4)(F), such as the filing of MORs in Chapter 11 cases. See, 11 U.S.C. §§ 704(8), 1106(a)(1), 1107(a); Fed. R. Bankr. P. 2015(a)(6); PR LBR 2015-2(a). "The non-filing of required reports must be 'unexcused', therefore indicating that the court has discretion to determine whether the debtor's failure rises to the level of cause." In re Franco, 2012 WL 3071242, *4 (Bankr. D.P.R. 2012), quoting In re Landmark Atl. Hess Farm, LLC, 448 B.R. 707, 716 (Bankr. D.Md. 2011).

The court's discretion to dismiss or convert a Chapter 11 case is limited if cause is established. See, id., at *2, citing Gilroy v. Ameriquest Mortg. Co. (In re Gilroy), 2008 Bankr.Lexis 3968, 2008 WL 4531982 (B.A.P. 1st Cir. 2008); and AmeriCERT, Inc. v. Straight Through Processing, Inc. (In re AmeriCERT, Inc.), 360 B.R. 398, 401 (Bankr. D.N.H. 2007). Once "cause" is established, the burden shifts to the debtor to demonstrate "unusual circumstances" that establish that dismissal or conversion to Chapter 7 is not in the best interests of the creditors and the estate. Id., citing Alan N. Resnick & Henry J. Sommer, 7 *Collier on Bankruptcy* ¶ 1112.05[1] (16th ed. 2011) and In re Dr. R. Samanta Roy Institute of Science Technology Inc., 2011 U.S.App. Lexis 12148 at *8, 2011 WL 680361 (3rd Cir. 2011). The court retains broad discretion in determining whether unusual circumstances exist and whether conversion or dismissal is in the best interest of

creditors and the estate. See, id., citing In re Gilroy, 2008 Bankr.Lexis 3968, 2008 WL 4531982 (B.A.P.1st Cir. 2008).

In this case, the MORs for August and September 2025 were due October 21, 2025 because the District Court's *Opinion and Order* (dkt. #132) was entered on August 20, 2025, that is, after the 15th day of a calendar month. See, Fed. R. Bankr. P. 2015(a)(6); PR LBR 2015-2. The court notes that the Debtor did not timely file the MORs for August and September 2025, and further finds that: (1) the Debtor was up to date with the filing of MORs prior to the entry of the *Opinion and Order* whereby this case was dismissed (dkt. #104); (2) the Debtor has cured his noncompliance by filing both MORs on November 6, 2025; and (3) the Debtor timely filed the MOR for October 2025. For these reasons, and because the court finds that dismissal is not in the best interest of creditors and the estate, the *Motion to Dismiss* is hereby DENIED. The Debtor is hereby reminded that any further unexcused tardiness in the filing of MORs will not be tolerated and may result in the imposition of appropriate sanctions, including dismissal or conversion.

Section 1112(b)(3) of the Bankruptcy Code, 11 U.S.C. § 1112(b)(3), provides that the court shall decide a motion to dismiss a Chapter 11 case within fifteen (15) days after commencement of the hearing on the motion, unless the movant consents or "compelling circumstances" prevent the court from meeting that time deadline. The lengthy and protracted history of this case and the related Bankr. Case No. 22-02380, together with the substantive matters pending before the court following the District Court's *Opinion and Order* dated August 20, 2025, constitute compelling circumstances. The *Urgent Motion* is thus DENIED.

Upon the denial of the *Motion to Dismiss*, an evidentiary hearing is hereby scheduled for December 18, 2025 at 10:00 A.M. for "further development of the record on bad faith as a ground for dismissal" pursuant to the *Opinion and Order* entered by the District Court for the District of Puerto Rico dated August 20, 2025 (dkt. #132; see also, *Judgment*, dkt. #133). The evidentiary hearing will be held at the U.S. Bankruptcy Court for the District of Puerto Rico, Jose V. Toledo Fed. Bldg. & U.S. Courthouse Bldg. 300 Recinto Sur, Courtroom #2, 2nd Floor, San Juan, Puerto Rico.

The parties shall file proposed findings of fact and conclusions of law no later than three (3) days prior to the hearing. Each finding of fact shall refer to either a document to be submitted as an exhibit, or to a witness to be presented. Each party shall include as an attachment copy of all exhibits to be submitted at the hearing. Joint exhibits will be identified with roman numerals (I, II, III, etc.); movant/plaintiff exhibits will be identified with numbers (1, 2, 3, etc.); and respondent/defendant exhibits will be identified with letters (A, B, C, etc.).

The court advises the parties that it may not hold the evidentiary hearing on the scheduled date if there is no timely compliance with the above order.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of December 2025.

Enrique S. Lamoutte
United States Bankruptcy Judge