Amended Plan of Reorganization
Case No. 23-03681-ESL

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

In re:

JUAN MANUEL BARRETO GINORIO

Case No. 23-03681-ESL
Chapter 11

Debtor

AMENDED PLAN OF REORGANIZATION DATED MAY 28, 2026

## ARTICLE I
## INTRODUCTION

This Amended Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Juan Manuel Barreto Ginorio (the "Debtor" or "Barreto") from cash flows generated mainly from the Debtor's post-petition operations. The amendments made to the original Plan of Reorganization, filed on January 16, 2024, at Docket 64, are the result of the Stipulation with secured creditor Condado 5LLC and the Order of the Court approving such Stipulation, pursuant to Dockets 164,168, 169 and the sale of certain residential property at Docket 175 to complete secured portion of claim to Condado 5LLC.

The undersigned attorney is substituting the legal representation of previous counsel, who withdraw its legal representation on March 30th, 2026, granted on March 31, 2026. See Dockets 197 and 198. The undersigned, considering the advanced stage of this case, assumed representation on probono basis, to amend the prior Plan pursuant to the order of the Court, to include the treatment to Condado 5LLC, as per the approved Stipulation and sale of that certain residential property and payment to Condado 5LLC.

Other than payment to administrative expenses and priority claims, this Plan provides for three (3) classes of secured claims and one (1) class of allowed general unsecured claims. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately $3,000.00. This Plan provides unsecured creditors with more than they would receive in a hypothetical Chapter 7 liquidation. This Plan also provides for the payment of administrative claims.

All creditors should refer to Articles IV and V of this Plan for information regarding the precise treatment of their claim.

**Your rights may be affected by this Plan. You should read this Plan carefully and discuss it with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.**

Amended Plan of Reorganization
Case No. 23-03681-ESL

## ARTICLE II
## BACKGROUND

### A. Description and History of the Debtors' Business

The Debtor is an individual. The Debtor owns and operates two legal entities, JM Dairy Inc. and Las Martas Inc. JM Dairy Inc. is an entity who operates a dairy farm in Arecibo, Puerto Rico. Las Martas Inc. is an entity who operates a dairy farm in Hatillo, Puerto Rico. In addition, the Debtor owns rental real property.

### B. Insiders of the Debtors

The Debtor does not have any "insiders," as such a term is defined in §101(31) of the United States Bankruptcy Code (the "Code"); the only "insider" would be the Debtor himself.

### C. Management of the Debtors Before and During the Bankruptcy

After the effective date of the order confirming the Plan, the directors, officers, and voting trustees of the Debtor, any affiliate of the Debtor participating in a joint Plan with the Debtor, or successor of the Debtor under the Plan (collectively the "Post Confirmation Manager"), will also be Barreto.

### D. Events Leading to Chapter 11 Filing



The Bankruptcy Petition in this case was filed to address and reorganize the debts with Condado and the US Government, the holders of a secured claim against the Debtor's real properties and to provide for an orderly restructuring of the debts owed to Hacienda and any other creditors. The instant case proposes to pay the unsecured creditors a distribution of $3,000.00 to be paid on the first day of the second month following the Effective Date of the Plan. The Debtor proposes to do so mainly by and through the monthly income from Debtor's post-petition operations.

### E. Significant Events During the Bankruptcy Case

On November 8, 2023, the Petition Date, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. *See,* Dk. #1. Since that time, the Debtor has operated his financial affairs as Debtor and Debtor in Possession.

On November 15, 2023, the Debtor filed an application to employ appearing counsel, Jesus E. Batista, Esq. *See,* Dk. #16. On December 4, 2023, this Honorable Court entered an Order Approving Employment of Debtor's Attorney. *See,* Dk. #31.

On January 12, 2024, the §341 meeting of creditors was held and closed by the U.S. Trustee. *See,* Minutes, Dk #60. Prior to such date, the Initial Debtor Interview Meeting (the "IDI"), between the Debtor, the US Trustee and the Subchapter V Trustee, was also held.

The Debtor filed the Status Conference Report on November 30, 2023, in preparation for the Status Conference which was held on December 13, 2023. *See,* Minutes, Dk. #39. The Debtor is also up to date on the filing of the Monthly Operating Reports. *See,* Dk. #56.

Amended Plan of Reorganization
Case No. 23-03681-ESL

Finally, on December 18, 2025, after multiple controversies and litigation, the Debtor and its sister company Las Martas, also a Debtor in Possession entity, entered into a Stipulation for Condado's Treatment under the Plan of Reorganization. Docket 164. The same was approved on December 19, 2025 . Docket 168. The agreement basically and in summary, provided:

a.     The Debtors acknowledge and ratify their obligations under the Loan Documents and Condado's collateral and security interests

b.     The Parties agree to the repayment of Condado's Secured Claim reduce to $500,000.00 (the "Secured Claim")

c.     The remaining balance from the Proof of Claims filed by Condado in these cases will be treated as an unsecured claim in the plans (the "Unsecured Claim").

d.     The Consigned Funds in the amount of $164,898.46 plus interest earned, less fees imposed by law consigned with the Bankruptcy Court (Bankr. Case No. 22-02380-ESL12, ECF No. 320) shall be distributed fifty percent (50%) to Condado and fifty percent (50%) to Las Martas. This sum shall be applied to reduce the Secured Claim.

e.     The Debtors shall jointly make monthly payments to Condado to be applied to the Secured Claims

f.     For the next three (3) months, the Debtors shall make interest-only payments at eight percent (8%) *per annum* on the outstanding balance.

g.     For the next thirty months, the Debtors shall make monthly payments in the amount of Five Thousand Dollars ($5,000.00) at eight percent (8%) per annum interest for months seven (7) through thirty-six (36). A final balloon payment of the remaining balance of the Secured Claim, if any, shall be made at month thirty-seven (37).

h.     The Debtors can prepay the Secured Claim without penalty.

i.     Payments must made directly by the milk processing plant (or by Debtors if the milk processing plant declines or fails to do so) and shall be due on the fifteenth (15th) day of each month.

Amended Plan of Reorganization
Case No. 23-03681-ESL

j.      Condado and Mr. Barreto shall have the immediate right to market the residential property located at Lot 18, Int. PR 653, KM 2.9, Paseo Esmeralda Dev. In Hato Abajo Ward, Arecibo, PR 00612 (Lot No. 47349 registered at the Arecibo Property Registry, Section I, page 70, volume 1240, the "Residential Property"), owned by Mr. Barreto, free and clear of all liens, interests, and encumbrances pursuant to 11 U.S.C. § 363, until December 31, 2026.

k.      Provided that the Debtors' Plans incorporate the terms set forth in this Stipulation, Condado shall not object to confirmation of either plan and shall vote its Secured Claim and Unsecured Claim in favor of confirmation.

l.      The terms and conditions of all documents related to Condado's Claim shall remain in full force and effect *until Condado's Secured Claim is paid off in accordance with the terms previously stated.*



## F. Claims Objections

Except to the extent that a claim is already allowed pursuant to a final non-appealable order, the Debtor reserves the right to object to claims. Therefore, even if your claim is allowed for voting purposes, you may not be entitled to a distribution if an objection to your claim is later upheld. The procedures for resolving disputed claims are set forth in Article VI of this Plan. Unless otherwise determined by this Honorable Court, any objection to Claim will be filed on or before the 30th day following the effective date of the Plan.

## G. Current and Historical Financial Conditions

The identity and book value of the estate's assets, as of the date of the filing of the Voluntary Petition, are listed in **Schedule A/B** of Debtor's bankruptcy petition. *See,* Dk. #61.

As of the Petition Date, the book value of the Debtor's assets reflected assets in the approximate amount of $509,286.00. *See,* Amended Schedule A/B, *supra.*

## ARTICLE III

## LIQUIDATION VALUE ANALYSIS

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to this Plan as **Exhibit A.** This analysis of the Debtor's Assets and Liabilities reveals that in a hypothetical Chapter 7 liquidation, the liquidation value would be around $3,693.75. Of this amount, around $2,172.00

Amended Plan of Reorganization
Case No. 23-03681-ESL

would have to be paid to Priority Unsecured Creditors; accordingly, around $15,000.00 would have to be paid in Professional Expenses, and general unsecured would receive $0.00 in a hypothetical Chapter 7 case. Here, the Plan proposes a distribution of $3,000.00 to general unsecured claims to be paid on the first day of the second month following the Effective Date of the Plan. Accordingly, this Plan provides unsecured creditors with more than they would receive in a hypothetical Chapter 7 liquidation.

**ARTICLE IV**
**CLASSIFICATION OF CLAIMS AND INTERESTS**

**Class 1.** Class One (1) consists of the Allowed Secured Claim of Condado allowed under § 502 of the Code, if any, secured by the Debtor's primary residence located at Carr 653 Km 2.8 Bo. Hato Abajo, Paseo Esmeralda, Arecibo, PR (the "Primary Residence"). Condado filed Proof of Claim #1 in the total amount of $1,680,164.09. Proof of Claim #1 includes multiple individual claims which arise from pre-petition promissory notes allegedly secured by - among other - more than one of the Debtor's real properties.

The portion of Proof of Claim #1 that allegedly secures the Primary Residence is in the amount of $427,862.39. *See*, Proof of Claim #1. Based on the value of the Primary Residence, and pursuant to Section 506(a) and (b) of the Bankruptcy Code, Condado's Allowed Class One Claim, if any, will be in the amount of $205,000.00. The difference between any Allowed Claim and the amount of $205,000.00 shall be deemed an Allowed Class Four General Unsecured Claim.

**Class 2.** Class Two (2) consists of the Allowed Secured Claim of Condado allowed under § 502 of the Code, if any, secured by the Debtor's cattle farm property located at Bo. Naranjito Carr. 492 Km 0.9, Hatillo, PR (the "Cattle Farm Property"). Condado BPPR filed Proof of Claim #1 in the total amount of $1,680,164.09. Proof of Claim #1 includes multiple individual claims which arise from pre-petition promissory notes allegedly secured by - among other - more than one of the Debtor's real properties.

The portion of Proof of Claim #1 that allegedly secures the Commercial Residence is in the amount of $427,862.39. *See*, Proof of Claim #1. Based on the value of the Commercial Residence, and pursuant to Section 506(a) and (b) of the Bankruptcy Code, Condado's Allowed Class Two Claim, if any, will be in the amount of $108,000.00. The difference between any Allowed Claim and the amount of $108,000.00 shall be deemed an Allowed Class Four General Unsecured Claim.

**Class 3.** Class Three (3) consists of the Allowed Secured Claim of CRIM allowed under § 502 of the Code. CRIM has not filed a Proof of Claim; however, it was scheduled in the amount of $6,130.72. If Allowed as filed, CRIM's Allowed Class Three Claim will be in the amount of $6,130.72.

**Class 4.** Class Four (4) consists of the Allowed General Unsecured, if any, allowed under § 502 of the Code. This Class consists of the prepetition unsecured claims against the Debtor, to the extent Allowed, if any. It is estimated that Allowed Class Four General Unsecured Claims will be in the amount of $1,414,756.59. *See*, **Exhibit B**.

Amended Plan of Reorganization
Case No. 23-03681-ESL

## ARTICLE V
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

5.01 Claims and interests shall be treated as follows under this Plan:

### a. Administrative Expenses

Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under § 507(a)(2) of the Code. Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan unless a particular claimant agrees to a different treatment.

The following chart lists the Debtor's estimated administrative expenses and their proposed treatment under the Plan:



| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Expenses Arising in the Ordinary Course of Business After the Petition Date | Less than $1,000.00 | Paid in full on the effective date of the Plan, or according to terms of obligation if later. |
| The Value of Goods Received in the Ordinary Course of Business Within 20 Days **Before the Petition Date** | $0.00 | Paid in full on the effective date of the Plan, or according to terms of obligation if later. |
| Professional Fees, as approved by the Court; not paid as of the Date Fixed for the Hearing on Confirmation. | $15,000.00 | Paid in full on the effective date of the Plan[1], or according to separate written agreement, or according to court order if such fees have not been approved by the Court on the effective date of the Plan. |
| Clerk's Office Fees | $0.00 | Paid in full on the effective date of the Plan. |
| Other administrative expenses | $0.00 | Paid in full on the effective date of the Plan or according to separate written agreement. |
| Office of the U.S. Trustee Fees | $0.00 | Paid in full on the effective date of the Plan. |
| **Total** | $15,000.00 | |

### b. Priority Tax Claims

Priority tax claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise,

---

[1] This amount includes the attorney's fees of previous counsel. Current and undersigned attorney is representing eh Debtor on pro-bono basis. Debtor's proposal is to pay the amount of $15,000 on Effective Date, from funds to be provided by Debtor's father Mr. Juan Isidoro Barreto Barreto, from funds unrelated to Debtor or Debtor's business, if the amount is settled in $15,000. In the alternative, the Debtor proposes to pay the amount owed in monthly installments or as agree with previous attorney.

Amended Plan of Reorganization
Case No. 23-03681-ESL

it must receive the present value of such claim, in regular installments paid over a period not exceeding 5 years from the order of relief.

This Plan contemplates Allowed Priority Tax Claims in favor of the Department of Treasury ("Hacienda"). If the Priority Tax Claims of Hacienda are filed, and become Allowed Claims, this Plan contemplates their treatment as follows:

| Creditor | Priority Claim Amount | Payment Intervals | Resulting Payment |
|---|---|---|---|
| Hacienda (POC #3) | $2,172.00 | Quarterly | $108.60 |

Payments on any Allowed Priority Claim shall commence on the first day of the second month following the Effective Date of the Plan. Hacienda's Claim shall be satisfied on a quarterly basis. Any remaining balance shall be paid on/or before the 60th month. Payments will be based on the amount that is deemed an Allowed Priority Claim.

The Debtor do not have any claims of the kind described under §§ 507(a)(8) of the Code.

c. *Classes of Secured Claims*

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code.

In this Case, Secured Claims are classified in Class 1 through Class 4. The following chart lists all classes containing Debtor's secured prepetition claims and its proposed treatment under the Plan:

| Class | Description | Insider | Impairment | Treatment |
|---|---|---|---|---|
| 1 | Class One (1) consists of the Allowed Secured Claim of Condado allowed under § 502 of the Code, if any, secured by the Primary Residence. Condado filed Proof of Claim #1 in the total amount of $1,680,164.09. Proof of Claim #1 includes multiple individual claims which arise from pre-petition promissory notes allegedly secured by - among other - more than one of the Debtor's real properties. The portion of Proof of Claim #1 that is allegedly secured by the Primary Residence is in the amount of | No | Yes<br><br>Treatment approved and payment made pursuant to Stipulation | If allowed, Condado shall have a Class One Allowed Secured Claim equal to $205,000.00. If any, the Allowed Class One Secured Claim shall be satisfied via 119 monthly and consecutive payments in the amount of $1,229.08 with one final payment, due on the 120th month following the day the first payment is made, equal to any remaining principal balance. Payments will be based on a thirty-year amortization. Payments shall commence on the first day of the second month following the Effective Date of the Plan. Allowed Class One Secured Claims shall be satisfied based on a yearly rate of interest of 6%. |

Amended Plan of Reorganization
Case No. 23-03681-ESL

| | | | | |
|---|---|---|---|---|
| | $427,862.39. Based on the value of the Primary Residence, Condado's Allowed Class One Claim will be in the amount of $205,000.00. | | | Allowed Secured Claim To be paid in full, on or prior to confirmation date, together with all Secured Claims of Condado 5 LLC, pursuant to the Stipulation at Dkt. 164, and up to the total amount of $500,000 to be allocated between Debtor and sister company Las Martas, Inc. (22-02380 ESL, Chapter XII) This claim has been paid pursuant to Stipulation. Any remaining portion of Condado's Allowed Claim that is not deemed an Allowed Class One Secured Claim will be entitled to a pro-rate distribution as an Allowed Class Four General Unsecured Claim. |
| 2 | Class Two (2) consists of the Allowed Secured Claim of Condado allowed under § 502 of the Code, if any, secured by the Cattle Farming Property. Condado filed Proof of Claim #1 in the total amount of $1,680,164.09. Proof of Claim #1 includes multiple individual claims which arise from pre-petition promissory notes allegedly secured by - among other - more than one of the Debtor's real properties. The portion of Proof of Claim #1 that is allegedly secured by the Cattle Farming Property is in the amount of $427,862.39. Based on the value of the Primary Residence, Condado's Allowed Class Two Claim will be in the amount of $108,000.00. | No | Yes Treatment approved and payment made pursuant to Stipulation | If allowed, Condado shall have a Class Two Allowed Secured Claim equal to $108,000.00. If any, the Allowed Class Two Secured Claim shall be satisfied via 119 monthly and consecutive payments in the amount of $647.51 with one final payment, due on the 120th month following the day the first payment is made, equal to any remaining principal balance. Payments will be based on a thirty-year amortization. Payments shall commence on the first day of the second month following the Effective Date of the Plan. Allowed Class Two Secured Claims shall be satisfied based on a yearly rate of interest of 6%. To be paid in full, on or prior to confirmation date, together with all Secured Claims of Condado 5 LLC, pursuant to the Stipulation and up to the total amount of $500,000. This claim has been paid pursuant to Stipulation. |

Amended Plan of Reorganization
Case No. 23-03681-ESL

| | | | | Any remaining portion of Condado's Allowed Claim that is not deemed an Allowed Class Two Secured Claim will be entitled to a pro-rate distribution as an Allowed Class Four General Unsecured Claim. |
|---|---|---|---|---|
| 3 | Class Three (3) consists of the Allowed Secured Claim of CRIM allowed under § 502 of the Code. CRIM was scheduled as holding a claim in the total amount of $11,654.70. | No | Yes | If allowed, CRIM shall have a Class Three Allowed Secured Claim equal to $11,654.70. If any, the Allowed Class Three Secured Claim shall be satisfied via 120 monthly and consecutive payments in the amount of $101.65. Payments shall commence on the first day of the second month following the Effective Date of the Plan. Allowed Class Three Secured Claims shall be satisfied based on a yearly rate of interest of 6%. |

Amended Plan of Reorganization
Case No. 23-03681-ESL

| 4 | Class Four (4) consists of the Allowed Secured Claim of IRS allowed under § 502 of the Code. IRS was scheduled as holding a claim in the total amount of $27,628.98. Thereafter it filed Proof of Claim No. 8 in the amount of $35,914.78. | No | Yes | If allowed, IRS shall have a Class Four Allowed Secured Claim equal to $35,914.78. If any, the Allowed Class Four Secured Claim shall be satisfied via 120 monthly and consecutive payments in the amount of $313.65. Payments shall commence on the first day of the second month following the Effective Date of the Plan. Allowed Class Three Secured Claims shall be satisfied based on a yearly rate of interest of 6%. |



### d. Classes of Priority Unsecured Claims

Certain priority claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes. The Code requires that each holder of such a claim receive cash on the effective date of the Plan equal to the allowed amount of such claim. However, a class of holders of such claims may vote to accept different treatment.

The Debtor does not have any claims of the kind described under §§ 507(a)(1), (4), (5), (6), and (a)(7) of the Code.

### e. Class of General Unsecured Claims

General unsecured claims are Allowed Claims which are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.

In this Case, Unsecured Claims are classified in Class 5. The following chart identifies the Plan's proposed treatment of the class of claims which contain general unsecured claims against the Debtor:

*INTENTIONALLY LEFT BLANK*

Amended Plan of Reorganization
Case No. 23-03681-ESL

| Class | Description | Insider | Impairment | Treatment |
|---|---|---|---|---|
| 5 | Class Five (5) Claim consists of the Allowed General Unsecured Claims, if any, allowed under § 502 of the Code. This Class consists of the prepetition unsecured claims against the Debtor, to the extent Allowed, if any, including the unsecured portion of Condado 5 LLC . It is estimated that Allowed Class Four General Unsecured Claims will be in the amount of $1,228,327.68. *See,* **Exhibit B**. | No | Yes | The Debtor shall satisfy the Class Four Claims, or any balance thereto, via 20 (20) quarterly payments in the amount of $150.00 for a total distribution on Allowed Class Four Claims of $3,000.00. Payments shall commence on the first day of the second month following the Effective Date of the Plan. |

f. *Class of Equity Interest Holders*



Equity interest holders are parties who hold an ownership interest (i.e., equity interest) in the Debtor. There are not equity interest holders in this case, since it is a petition made by an individual.

## ARTICLE VI
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

6.01    Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

6.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

6.03    Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VII
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

7.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtor will not assume any executory contracts and/or unexpired Leases not specifically listed and/or enumerated Schedule G of the Debtor's Schedules. *See,* **Schedule G** of Debtor's bankruptcy petition. *See,* Dk. #18.

(b)    Accordingly, the Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 7.01(a) above or specifically enumerated or listed in **Schedule G,** or before the date of the order confirming this

Amended Plan of Reorganization
Case No. 23-03681-ESL

Plan, upon the effective date of this Plan.

        (c)     Assumption means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Code, if any.

        (d)     If you object to the assumption of your unexpired lease or executory contract, the proposed cure of any defaults, or the adequacy of assurance of performance, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan, unless the Court has set an earlier time.

        (e)     All executory contracts and unexpired leases that are not specifically assumed will be deemed rejected under the Plan. Consult your adviser or attorney for more specific information about particular contracts or leases.

        If you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.



## ARTICLE VIII
## MEANS FOR IMPLEMENTATION OF THE PLAN

8.01.     *Source of Payments*

Payments and distributions under the Plan will be funded by the following:

The Plan establishes that the Plan will be funded from the income generated or received by the Reorganized Debtor (Barreto) and the sale of certain residential property, already sold and proceeds distributed. In addition, Debtor's father, Mr. Ramon Isidoro Barreto Barreto, will pay the total amount of $15,000 in full payment of this administrative expense on Effective date. The Debtor and Debtor's father, will contribute enough cash flows to fund the Plan commencing on the Effective Date of the Plan and continue to secure that creditors of Allowed Class 1 through Class 4 Claims receive the payments specified for in this Amended Plan.

8.02.     *Post-confirmation Management*

The Post-Confirmation Managers of the Debtor shall be Barreto. The Debtor will be in charge of administering the estate notwithstanding a non-unanimously consented Plan.

8.03     *Debtors 'Ability to Make Payments under the Plan*

The Plan Proponent believes that the Debtor will have enough cash on hand on the effective date of the Plan to pay all the claims and expenses that are entitled to be paid on that date, including Debtor's father contribution for specific purposes addressed above. In other words, the Debtor estimates that at the time of an Order of Confirmation, the Debtor will have sufficient liquid assets to fund the Plan. The main source of Debtor's cash flow will come from the operation of the Debtor's businesses.

A Table showing the projected amount of cash on hand on the effective date of the Plan, and the sources of that cash are attached to this Plan as **Exhibit C.** The cash-flows projections assume that

Amended Plan of Reorganization
Case No. 23-03681-ESL

the first day of the second month following the Effective Date of the Plan will be April 1, 2024.

8.04    *Debtors' Future Earnings or Other Future Income*

In addition, the Debtor and this Plan contemplate that the Debtor's projected future earnings are estimated to remain the same or similar to that earned as of the Petition Date. The Debtor has projected his future earnings in the Cash Flow table attached to this Plan as **Exhibit C.**

## ARTICLE IX
## CONFIRMATION WITHOUT ACCEPTANCE BY ALL IMPAIRED CLASSES

9.01.    Notwithstanding 11 U.S.C. 510(a), if all the applicable requirements of 11 U.S.C. 1129(a) other than paragraphs (8), (10), and (15) of the section, are met with respect to a plan, the Court, on request of the Debtors, shall confirm the plan notwithstanding the requirements of such paragraphs, if the plan does not discriminate unfairly, and has not accepted the plan. The Debtor reserves its rights to confirm using cramdown procedures set forth under 11U.S.C. 1129(b) and 1191(b).

## ARTICLE X
## GENERAL PROVISIONS



10.1    Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

10.2    Effective Date of Plan. The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

10.03    Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

10.04    Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

10.05    Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

10.06    Controlling Effect. Unless a rule of law or procedure is supplied by federal law (Including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the Commonwealth of Puerto Rico govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE XI
## DISCHARGE

11.01.    Discharge. If the Debtor's Plan is confirmed consensually, pursuant to Section 1191(a)

Amended Plan of Reorganization
Case No. 23-03681-ESL

of the Code, Confirmation of this Plan the Debtor will be discharged from any debt that arouse before the Confirmation of this Plan under Section 1141(d)(1)(A). The Debtor, however, will not be discharged of any debt imposed by this Plan or to the extent provided under Section 1141(d)(6).

If the Debtor's Plan is confirmed via cramdown, under Section 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan as otherwise provided in §1192 of the Code. Accordingly, the Debtor will not be discharged from any debt: (a) on which the last payment is due after the first three (3) years of the plan, (b) excepted from discharge under § 523(a) of the Code except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Respectfully Submitted,

JUAN MANUEL BARRETO GINORIO

**C. CONDE & ASSOC.**
*S/ Carmen D. Conde Torres*
Carmen D. Conde Torres, Esq.
(USDC No. 207312)

*S/William Alemany Mendez*
William Alemany Mendez
(USDC No. 305201)

1510 Ave. FD Roosevelt STE 1302
Guaynabo, Puerto Rico 00968
Telephone: 787-729-2900
Facsimile: 787-729-2203
E-mail: condecarmen@condelaw.com

**EXHIBIT A - Liquidation Value Analysis**
**Case No. 23-03681-ESL**
*Debtor: Juan Manuel Barreto Ginorio*

| Real Property | Market Value | Forced Sale Value (70.00%) | Liens | Net Equity | Debtor's % Interest | Net Equity to Estate | Sect. 522 Used | Exemption Amount Claimed | Equity Avail. For Admin. | Administrative Expense at 5.5% | Liquidation Value |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 Bo. Hato Abajo, Arecibo | $ 205,000.00 | $ 143,500.00 | $ 427,862.00 | $ (284,362.00) | 100% | $ (284,362.00) | | | $ - | $ - | $ - |
| 2 Bo Naranjito, Hatillo | $ 108,000.00 | $ 75,600.00 | $ 427,862.00 | $ (352,262.00) | 100% | $ (352,262.00) | | | $ - | $ - | $ - |

| Personal Property | Value | Forced Sale Value (70.00%) | Liens | Net Equity | Debtor's % Ownership Interest | Net Equity to Estate | Exemption Being Used | Exemption Amount Claimed | Non Exempt Equity | Administrative Expense at 10.0% | Liquidation Value |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 2005 Nissan | $ 6,300.00 | $ 4,410.00 | $ - | $ 4,410.00 | 100% | $ 4,410.00 | (d)(2), (5) | $ 6,300.00 | $ - | $ - | $ - |
| 4 2003 See Doo | $ 500.00 | $ 350.00 | $ - | $ 350.00 | 100% | $ 350.00 | (d)(5) | $ 500.00 | $ - | $ - | $ - |
| 5 Furniture | $ 7,000.00 | $ 4,900.00 | | $ 4,900.00 | 100% | $ 4,900.00 | (d)(5) | $ 7,000.00 | $ - | $ - | $ - |
| 6 Electronics | $ 3,000.00 | $ 2,100.00 | | $ 2,100.00 | 100% | $ 2,100.00 | (d)(5) | $ 3,000.00 | $ - | $ - | $ - |
| 7 Clothings | $ 800.00 | $ 560.00 | | $ 560.00 | 100% | $ 560.00 | (d)(5) | $ 800.00 | $ - | $ - | $ - |
| 8 Jewelry | $ 500.00 | $ 350.00 | | $ 350.00 | 100% | $ 350.00 | | $ 500.00 | $ - | $ - | $ - |
| 9 JM Dairy | $ - | $ - | $ - | $ - | 100% | $ - | (d)(3) | | $ - | $ - | $ - |
| 10 Las Martas | $ - | $ - | | $ - | 100% | $ - | (d)(3) | | $ - | $ - | $ - |
| 11 Account Receivables | $ 20,000.00 | $ 20,000.00 | | $ 20,000.00 | 100% | $ 20,000.00 | (d)(3) | $ 13,075.00 | $ 6,925.00 | $ 2,000.00 | $ 4,925.00 |

**Case Liquidation Value** — $ 4,925.00
Chapter 7 Trustee's Liquidating Fees — $ 1,231.25
Net Liquidation Value to Estate — $ 3,693.75

Administrative Expenses:
Professionals — 15,000.00
Priority Claims — 2,172.00
Total Admin. and Priority Claims and Expenses — 17,172.00

Available for General Unsecured Creditors — -13,478.25

Chart of Claims

| Creditor | Basis of Claim | Total POC | | Secured | Priority | General Unsecured | |
|---|---|---|---|---|---|---|---|
| Condado 5 LLC | POC No. 1 | $ | 1,680,164.09 | $ 500,000.00 | | $ | 1,180,164.09 |
| Condado 5 LLC | POC No. 2 | Withdrawn | | | | | |
| Hacienda | POC No. 3 | $ | 3,368.79 | | $ 2,172.00 | $ | 1,196.79 |
| COOPACA | POC No. 4 | $ | 7,424.14 | | | $ | 7,424.14 |
| AAA | POC No. 5 | $ | 10,561.94 | | | $ | 10,561.94 |
| AAA | POC No. 6 | $ | 10,561.94 | | | $ | 10,561.94 |
| AAA | POC No. 7 | $ | 200.00 | | | $ | 200.00 |
| IRS | POC No. 8 | $ | 35,914.78 | $ 35,914.78 | | | |
| CRIM | POC No. 9 | $ | 16,585.83 | $ 11,654.70 | | $ | 4,931.13 |
| CRIM | POC No. 10 | $ | 1,190.38 | | | $ | 1,190.38 |
| LUMA | Schedules | $ | 8,174.27 | | | $ | 8,174.27 |
| PR Telephone | Schedules | $ | 132.00 | | | $ | 132.00 |
| Sears/CBNA | Schedules | $ | 3,791.00 | | | $ | 3,791.00 |
| | Totals | $ | 1,778,069.16 | $ 547,569.48 | $ 2,172.00 | $ | 1,228,327.68 |

Case:23-03681-ESL11  Doc#:208  Filed:06/01/26  Entered:06/01/26 09:07:47  Desc: Main
Document  Page 16 of 23

**Five Years Cash Flow Projections**
**Case No. 23-03681-Esl**
**Deptors: Juan M. Barreto Ginorio**

| 2026 | enero | febrero | marzo | abril | mayo | junio | julio | agosto | septiembre | octubre | noviembre | diciembre |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | | | | |
| Income | | | | | | | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 |
| Total | | | | | | | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 |
| **Expenses** | | | | | | | | | | | | |
| Personal Expenses | | | | | | | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 |
| Admin | | | | | | | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 |
| Hacienda | | | | | | | $ 108.60 | | | $ 108.60 | | |
| CRIM | | | | | | | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 |
| IRS | | | | | | | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 |
| **Total of Payments** | | | | | | | $ 1,773.90 | $ 1,665.30 | $ 1,665.30 | $ 1,773.90 | $ 1,665.30 | $ 1,665.30 |
| Month Ending Cash | | | | | | | $ 826.10 | $ 934.70 | $ 934.70 | $ 826.10 | $ 934.70 | $ 934.70 |

| 2027 | enero | febrero | marzo | abril | mayo | junio | julio | agosto | septiembre | octubre | noviembre | diciembre |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | | | | |
| Income | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 |
| Total | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 |
| **Expenses** | | | | | | | | | | | | |
| Personal Expenses | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 |
| Admin | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 |
| Hacienda | $ 108.60 | | | $ 108.60 | | | $ 108.60 | | | $ 108.60 | | |
| CRIM | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 |
| IRS | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 |
| Total of Payments | $ 1,773.90 | $ 1,665.30 | $ 1,665.30 | $ 1,773.90 | $ 1,665.30 | $ 1,665.30 | $ 1,773.90 | $ 1,665.30 | $ 1,665.30 | $ 1,773.90 | $ 1,665.30 | $ 1,665.30 |
| Month Ending Cash | $ 826.10 | $ 934.70 | $ 934.70 | $ 826.10 | $ 934.70 | $ 934.70 | $ 826.10 | $ 934.70 | $ 934.70 | $ 826.10 | $ 934.70 | $ 934.70 |

| 2028 | enero | febrero | marzo | abril | mayo | junio | julio | agosto | septiembre | octubre | noviembre | diciembre |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | | | | |
| Income | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 |
| **Total** | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 |
| **Expenses** | | | | | | | | | | | | |
| Personal Expenses | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 |
| Admin | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 |
| Hacienda | $ 108.60 | | | $ 108.60 | | | $ 108.60 | | | $ 108.60 | | |
| CRIM | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 |
| IRS | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 |
| Total of Payments | $ 1,773.90 | $ 1,665.30 | $ 1,665.30 | $ 1,773.90 | $ 1,665.30 | $ 1,665.30 | $ 1,773.90 | $ 1,665.30 | $ 1,665.30 | $ 1,773.90 | $ 1,665.30 | $ 1,665.30 |
| Month Ending Cash | $ 826.10 | $ 934.70 | $ 934.70 | $ 826.10 | $ 934.70 | $ 934.70 | $ 826.10 | $ 934.70 | $ 934.70 | $ 826.10 | $ 934.70 | $ 934.70 |

| 2029 | enero | febrero | marzo | abril | mayo | junio | julio | agosto | septiembre | octubre | noviembre | diciembre |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | | | | |
| Income | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 |
| Total | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 |
| **Expenses** | | | | | | | | | | | | |
| Personal Expenses | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 |
| Admin | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 |
| Hacienda | $ 108.60 | | | $ 108.60 | | | $ 108.60 | | | $ 108.60 | | |
| CRIM | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 |
| IRS | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 |
| Total of Payments | $ 1,773.90 | $ 1,665.30 | $ 1,665.30 | $ 1,773.90 | $ 1,665.30 | $ 1,665.30 | $ 1,773.90 | $ 1,665.30 | $ 1,665.30 | $ 1,773.90 | $ 1,665.30 | $ 1,665.30 |
| Month Ending Cash | $ 826.10 | $ 934.70 | $ 934.70 | $ 826.10 | $ 934.70 | $ 934.70 | $ 826.10 | $ 934.70 | $ 934.70 | $ 826.10 | $ 934.70 | $ 934.70 |

| 2030 | enero | febrero | marzo | abril | mayo | junio | julio | agosto | septiembre | octubre | noviembre | diciembre |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | | | | |
| Income | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 |
| Total | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 |
| **Expenses** | | | | | | | | | | | | |
| Personal Expenses | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 |
| Admin | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 |
| Hacienda | $ 108.60 | | | $ 108.60 | | | $ 108.60 | | | $ 108.60 | | |
| CRIM | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 |
| IRS | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 |
| Total of Payments | $ 1,773.90 | $ 1,665.30 | $ 1,665.30 | $ 1,773.90 | $ 1,665.30 | $ 1,665.30 | $ 1,773.90 | $ 1,665.30 | $ 1,665.30 | $ 1,773.90 | $ 1,665.30 | $ 1,665.30 |
| Month Ending Cash | $ 826.10 | $ 934.70 | $ 934.70 | $ 826.10 | $ 934.70 | $ 934.70 | $ 826.10 | $ 934.70 | $ 934.70 | $ 826.10 | $ 934.70 | $ 934.70 |

Case:23-03681-ESL11  Doc#:208  Filed:06/01/26  Entered:06/01/26 09:07:47  Desc: Main Document  Page 22 of 23

| 2031 | enero | febrero | marzo | abril | mayo | junio |
|---|---|---|---|---|---|---|
| **Income** | | | | | | |
| Income | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 |
| **Total** | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 |
| **Expenses** | | | | | | |
| Personal Expenses | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 |
| Admin | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 |
| Hacienda | $ 108.60 | | | $ 108.60 | | |
| CRIM | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 | $ 101.65 |
| IRS | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 | $ 313.65 |
| **Total of Payments** | $ 1,773.90 | $ 1,665.30 | $ 1,665.30 | $ 1,773.90 | $ 1,665.30 | $ 1,665.30 |
| **Month Ending Cash** | $ 826.10 | $ 934.70 | $ 934.70 | $ 826.10 | $ 934.70 | $ 934.70 |

| | | Creditor | Sheldule Amount | Proof of Claim No. | Proof of Claim Amount | Allowed Amount | Pricipal | Interest | Payment Under Plan | Notes | Monthly | Quarterly | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Admin | Class 1 | C Conde & Assoc | | | | | | | | | | | | | | | |
| Admin | Class 1 | Account | | | | | | | | | | | | | | | |
| Admin | Class 1 | Sub chapter v | | | | | | | | | | | | | | | |
| | Class 1 | Batista Law Group | $ 28,812.00 | | $ 38,812.00 | $ 28,812.00 | | | $ 28,812.00 | | $ 150.00 | | $ 600.00 | $ 600.00 | $ 600.00 | $ 600.00 | $ 600.00 |
| Priority | | Hacienda | | 3 | $ 2,172.00 | $ 2,172.00 | $ 2,172.00 | | $ 2,172.00 | | | $ 108.60 | $ 434.40 | $ 434.40 | $ 434.40 | $ 434.40 | $ 434.40 |
| Secured | Class 2 | Condado 5 | | | | | | | | | | | | | | | |
| Secure | | CRIM | $ 4,253.58 | | $ 11,654.70 | $ 11,654.70 | $ 11,654.70 | $ 543.72 | $ 12,198.42 | | $ 101.65 | | $ 1,219.80 | $ 1,219.80 | $ 1,219.80 | $ 1,219.80 | $ 1,219.80 |
| Secure | | IRS | $ 13,915.74 | | | | | | | | | | | | | | |
| | | IRS | $ 3,003.39 | | | | | | | | | | | | | | |
| | | IRS | $ 9,307.39 | | | | | | | | | | | | | | |
| | | IRS | $ 1,402.46 | | | | | | | | | | | | | | |
| | | | $ 27,628.98 | | $ 35,914.78 | $ 35,914.78 | $ 35,914.78 | $ 1,722.96 | $ 37,637.74 | | $ 313.65 | | $ 3,763.80 | $ 3,763.80 | $ 3,763.80 | $ 3,763.80 | $ 3,763.80 |
| Unsecure | | CRIM | $ 1,877.14 | 9, 10 | $ 6,121.51 | $ 6,121.51 | | | 0.10% | | | | $ 2.96 | | | | |
| Unsecure | | AAA | $ 5,936.14 | 5,6,7 | $ 21,323.88 | $ 21,323.88 | | | 0.49% | | | | $ 14.74 | | | | |
| Unsecure | | Coopaca | $ 8,907.59 | 4 | $ 7,424.14 | $ 7,424.14 | | | 0.61% | | | | $ 18.44 | | | | |
| Unsecure | | LUMA | $ 8,174.27 | | | $ 8,174.27 | | | 0.68% | | | | $ 20.30 | | | | |
| Unsecure | | PR Telephone | $ 132.00 | | | $ 132.00 | | | 0.01% | | | | $ 0.33 | | | | |
| Unsecure | | Sears/CBNA | $ 3,791.00 | | | $ 3,791.00 | | | 0.31% | | | | $ 9.41 | | | | |
| Unsecure | | Hacienda | $ 1,211.80 | 3 | $ 1,196.79 | $ 1,196.79 | | | 0.10% | | | | $ 2.97 | | | | |
| Unsecure | | Condado 5 | $ 1,180,164.09 | 1 | $ 1,180,164.09 | $ 1,180,164.09 | | | 97.69% | | | | $ 2,930.85 | | | | |
| Unsecure | | | | | | $ 1,228,327.68 | | | | | | | $ 3,000.00 | | | | |