**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN THE MATTER OF:** | **CASE: 23-03681 (ESL)** |
| **JUAN MANUEL BARRETO GINORIO** | **CHAPTER 11** |
| **Debtor** | **SUBCHAPTER V** |

## DEBTOR'S REPLY TO IRS OBJECTION TO CONFIRMATION

**TO THE HONORABLE COURT:**

COMES NOW, Juan Manuel Barreto Ginorio, Debtor in possession, through the undersigned attorney, who very respectfully states and prays as follows:

1. On November 8, 2023, the Debtor filed his voluntary petition. (Docket No. 1).
2. The Debtor is engaged in the dairy industry which is recently going through a very difficult stage in P.R.
3. On February 21, 2024, the Internal Revenue Sercive ("IRS") filed Proof of Claim 8-1 in the total amount of $53,446.10 of which $36,395.63 was claimed as a secured claim. (Proof of Claim No. 8-1).
4. On May 14, 2024, the IRS filed a second amended Proof of Claim 8-2 in the total amount of $36,695.63 which is comprised entirely of a secured claim in the amount of $36,695.63. (Proof of Claim No. 8-2).
5. On July 2, 2024, the IRS filed a third amended Proof of Claim 8-3 in the total amount of $35,914.78 which is also comprised entirely of a secured claim in the amount of $35,914.78. (Proof of Claim No. 8-3).

6. On June 29, 2026, the IRS filed a fourth amended Proof of Claim 8-4 in the total amount of $35,116.48 which is comprised entirely of a secured claim in the amount of $35,116.48. (Proof of Claim No. 8-4).

7. On December 18, 2025, a Stipulation of the Treatment of Condado's Claim Under the Plan of Reorganization was filed by secured creditor Condado 4, LLC ("Condado"), Debtor and Las Martas Inc. (the "Stipulation", Docket No. 164). The same provided for the release of liens or lien stripping of IRS. This Stipulation was approved by the Court on December 19, 2025. (Docket No. 169).

8. The IRS did not object to the Stipulation.

9. On January 19, 2026, the Debtor and Condado moved for an Order to sell Debtor's main and only residence pursuant to Sections 363 and 1146 of the Bankruptcy Code, *free and clear of all liens*, claims, interest and encumbrances. (the "Motion for Sale", Docket No. 175).

10. Again, the IRS did not object to the Motion for Sale.

11. On January 30, 2026, the Court entered an Order granting the Motion for Sale. (the "Order Granting Sale", Docket No. 185). Specifically, the Order Granting Sale stated as follows:

> ORDERED, that the Executive Director of CRIM shall perform all operations necessary in the systems and records of CRIM to (i) cancel, eliminate, and/or extinguish any and all real property taxes that appear as liens, claims, interests, or encumbrances over the Residential Property, as identified and described herein with the property tax identification number set forth above, or with any other property tax identification number(s) that may be now or hereinafter registered in the systems of CRIM as related (in any way) to the Residential Property; and (ii) transfer and record the title of the Residential Property in favor of the Buyer; it is further ORDERED, that the Secretary of Treasury shall perform all operations necessary in the systems and records of Treasury to (i) cancel, eliminate, and/or extinguish any and all property taxes and/or attachments that may appear as liens, claims, interests, or encumbrances

> over the Residential Property, as fully identified and described herein with the property tax identification number set forth above; and (ii) transfer and record the title of the Residential Property in favor of the Buyer; it is further
>
> ORDERED, that the Commissioner of the IRS shall perform all operations necessary in the systems and *records of the IRS to cancel, eliminate, and/or extinguish any and all federal tax liens that appear as liens, claims, interests, or encumbrances over the Residential Property*, as fully identified and described herein; it is further …. (Our emphasis).
>
> See full transcript at Docket No. 185, pp. 5.

12. On June 1, 2026, the Debtor filed the Amended Plan of Reorganization Dated May 28, 2026, including the Stipulation with Condado. (the "Amended Plan", Docket No. 208).

13. On June 2, 2026, the Court scheduled the hearing on confirmation of the Amended Plan *for August 25, 2026*. (Docket No. 209).

14. On August 10, 2026, the IRS filed its Objection to *Confirmation of Debtor's Amended Plan of Reorganization Dated May 28, 2026*, (the "IRS Objection", Docket No. 214), wherein it alleges that the Amended Plan should not be confirmed on the following grounds:

    a. The IRS Rejects the proposed Amended Plan because it fails to satisfy the requirements under section 1191(b).

    b. The Amended Plan fails to satisfy the requirements under section 1191(c).

    c. The Amended Plan fails to meet the liquidation test.

    d. The Amended Plan is not feasible.

15. The Debtor herein replies to the IRS's objections as follows:

    a. Regarding the failure to satisfy the requirements under Section 1191(b). IRS' objection is premature. This is a cramdown scenario when the Debtor is unable to obtain a consensual confirmation of its plan. As of this date the Debtor has been

able to obtain votes from two (2) classes; the secured Class No. 2 and unsecured Class No. 5 in its favor and the date to submit all votes has not expired. Debtor continues to discuss and negotiate with creditors in order to obtain a consensual confirmation. The Debtor intends to meet also with IRS' representative. See Docket Nos. 215 and 216.

With the sale of his residence, the Debtor satisfied the secured debt to Condado and liquidated this secured claim. The claims of both CRIM and IRS were stripped from this real estate as part of the Order Granting Sale.

Therefore, no payment was made nor required to either CRIM or IRS from the proceeds of the sale.

Any remaining funds were use for business operations in order to maintain a stable income for Debtor's payments under the Plan.

Finally, no payment was made from this sale to CRIM as alleged by the IRS.

b. The IRS also raised an objection based on Section 1191(c) regarding the timing of the payments under the Plan. Again, this is a premature objection since the IRS is assuming that the Amended Plan can only be confirmed under Section 1191(b).

c. As to the argument regarding the correct interest rate to be paid, IRS fails to identify why a 6% interest rate[1] is inadequate and what is the basis for the actual interest rate that it is requesting. Therefore, the same should be denied.

A review of the Amended Plan shows that any debt to CRIM and IRS will be paid. See Docket No. 208.

[1] The 20 year interest on US Treasury Bonds is currently from 5.25% to 5.30%.

d. The IRS also argues that the Liquidation Test is also erred in this case, since the debt to secured creditor Condado was paid off. It should be noted that it was paid off because the real estate (Debtor's residence) was sold.

e. Lastly, the IRS objects the feasibility of the Plan.

It is a fact, that if necessary will be confirm by Debtor's father at the hearing, that he will be assisting with funds for administrative expenses to be paid by his son.

As to the projections, it should be noted that the projections included in the Amended Plan shows Debtor's expected income and expenses *as a reorganized debtor*, which may differ from the historic data. The case law is clear, "as to feasibility a relatively low threshold of proof will satisfy this requirement". See 7 Collier on Bankruptcy P. 1129.02[11] (16th ed. 2026).

16. For the above stated reasons, the Debtor request that the Amended Plan, be confirmed and the IRS Objection be denied.

**WHEREFORE**, the Debtor herein respectfully requests this Honorable Court to take notice of the above stated and deny the IRS Objection filed at Docket No. 214.

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, this 17th day of August, 2026.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the participants appearing in said record including the US Trustee, IRS and Subchapter V Trustee.

**C. CONDE & ASSOC.**
Triple S Plaza
1510 Ave FD Roosevelt Suite 1302

Guaynabo, PR 00968
Tel. 787-729-2900/ Fax. 787-729-2203
Email: condecarmen@condelaw.com

*/s/ Carmen D. Conde Torres*
Carmen D. Conde Torres, Esq.
USDC 207312

*/s/ William J. Alemañy*
William J. Alemañy, Esq.
USDC 305201