IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN THE MATTER OF: JUAN MANUEL BARRETO GINORIO Debtor | CASE NO.: 23-03681 (ESL) CHAPTER 11 (Subchapter V) |
|---|---|

**STATEMENT IN COMPLIANCE WITH 11 U.S.C. §§ 1191 AND 1129 REQUIREMENTS FOR CONSENTUAL CONFIRMATION OF SUBCHAPTER V CASE**

**TO THE HONORABLE COURT:**

**COME NOW** Juan Manuel Barreto Ginorio, hereinafter the "Debtor", through the undersigned attorney, very respectfully, **STATE** and **PRAY**:

1. The Amended Plan of Reorganization dated May 28, 2026, filed at Docket No. 208 (the "Plan") complies with Sections 1190, 1191 and 1129 of the Bankruptcy Code.

2. As per Section 1190 of the Bankruptcy Code the Plan contains the following:

   a. A brief history of the business operations of the Debtor;

   b. A liquidation analysis included on Exhibit A of Docket No. 208; and

   c. A projection with respect to the ability of the debtor to make payments under the Plan included on Exhibit C of Docket No. 208.

3. Pursuant to Section 1191(a) the Plan complies with the following aspects of Section 1129 of the Bankruptcy Code.

4. Sec. 1129(a)(1) <u>Plan's Compliance with Bankruptcy Code</u>: The Plan complies with the applicable provisions of this title as follows:

(a) Pursuant to Sec. 1122(a), claims are classified in six (6) classes[1] as follows:

a. **Administrative Expenses**

Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under § 507(a)(2) of the Code. Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan unless a particular claimant agrees to a different treatment.

The following chart lists the Debtor's estimated administrative expenses and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Expenses Arising in the Ordinary Course of Business After the Petition Date | $0.00 | Paid in full on the effective date of the Plan, or according to terms of obligation if later. |
| The Value of Goods Received in the Ordinary Course of Business Within 20 Days **Before the Petition Date** | $0.00 | Paid in full on the effective date of the Plan, or according to terms of obligation if later. |
| Professional Fees, as approved by the Court; not paid as of the Date Fixed for the Hearing on Confirmation. | $15,000.00 | Paid in full on the effective date of the Plan[2], or according to separate written agreement, or according to court order if such fees have not been approved by the Court on the effective date of the Plan. |
| Clerk's Office Fees | $0.00 | Paid in full on the effective date of the Plan. |
| Other administrative expenses | $0.00 | Paid in full on the effective date of the Plan or according to separate written agreement. |
| Office of the U.S. Trustee Fees | $0.00 | Paid in full on the effective date of the Plan. |
| **Total** | $15,000.00 | |

[1] The original classification of creditor made by prior counsel were maintained as Class: a,b,c (Secured 1-4),d(5)and e.

[2] This amount includes the attorney's fees of previous counsel. Current and undersigned attorney is representing eh Debtor on pro-bono basis. Debtor's proposal is to pay the amount of $15,000 on Effective Date, from funds to be provided by Debtor's father Mr. Juan Isidoro Barreto Barreto, from funds unrelated to Debtor or Debtor's business, if the amount is settled in $15,000. In the alternative, the Debtor proposes to pay the amount owed in monthly installments or as agree with previous attorney.

b. **Priority Tax Claims**

Priority tax claims are due from income, employment, and other taxes described by § 507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding 5 years from the order of relief.

This Plan contemplates Allowed Priority Tax Claims in favor of the Department of Treasury ("Hacienda"). If the Priority Tax Claims of Hacienda are filed, and become Allowed Claims, this Plan contemplates their treatment as follows:

| **Creditor** | **Priority Claim Amount** | **Payment Intervals** | **Resulting Payment** |
|---|---|---|---|
| Hacienda (POC #3) | $2,172.00 | Quarterly | $108.60 |

Payments on any Allowed Priority Claim shall commence on the first day of the second month following the Effective Date of the Plan. Hacienda's Claim shall be satisfied on a quarterly basis. Any remaining balance shall be paid on/or before the 60th month. Payments will be based on the amount that is deemed an Allowed Priority Claim.

c. **Classes of Secured Claims**

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code.

In this Case, Secured Claims are classified in Class 1 through Class 4. The following chart lists all classes containing Debtor's secured prepetition claims and its proposed treatment under the Plan:

| **Class** | **Description** | **Insider** | **Impairment** | **Treatment** |
|---|---|---|---|---|
| 1 | Class One (1) consists of the Allowed Secured Claim of Condado allowed under § 502 of the Code, if any, secured by the Primary Residence. Condado filed Proof of Claim #1 in the total amount of $1,680,164.09. Proof of Claim #1 includes multiple individual claims which arise from pre-petition promissory notes allegedly secured by - | No | Yes<br><br>Treatment approved and payment made pursuant to Stipulation | This claim has been paid pursuant to Stipulation.<br>Any remaining portion of Condado's Allowed Claim that is not deemed an Allowed Class One Secured Claim will be entitled to a pro-rate distribution as an Allowed Class Four General Unsecured Claim. |

| | | | | |
|---|---|---|---|---|
| | among other - more than one of the Debtor's real properties. The portion of Proof of Claim #1 that is allegedly secured by the Primary Residence is in the amount of $427,862.39. Based on the value of the Primary Residence, Condado's Allowed Class One Claim will be in the amount of $205,000.00. | | | |
| 2 | Class Two (2) consists of the Allowed Secured Claim of Condado allowed under § 502 of the Code, if any, secured by the Cattle Farming Property. Condado filed Proof of Claim #1 in the total amount of $1,680,164.09. Proof of Claim #1 includes multiple individual claims which arise from pre-petition promissory notes allegedly secured by - among other - more than one of the Debtor's real properties. The portion of Proof of Claim #1 that is allegedly secured by the Cattle Farming Property is in the amount of $427,862.39. Based on the value of the Primary Residence, Condado's Allowed Class Two Claim will be in the amount of $108,000.00. | No | Yes<br><br>Treatment approved and payment made pursuant to Stipulation | To be paid in full, on or prior to confirmation date, together with all Secured Claims of Condado 5 LLC, pursuant to the Stipulation and up to the total amount of $500,000.<br>This claim has been paid pursuant to Stipulation.<br><br>Any remaining portion of Condado's Allowed Claim that is not deemed an Allowed Class Two Secured Claim will be entitled to a pro-rate distribution as an Allowed Class General Unsecured Claim. |

| | | | | |
|---|---|---|---|---|
| 3 | Class Three (3) consists of the Allowed Secured Claim of CRIM allowed under § 502 of the Code. CRIM was scheduled as holding a claim in the total amount of $11,654.70. | No | Yes | If allowed, CRIM shall have a Class Three Allowed Secured Claim equal to $11,654.70. If any, the Allowed Class Three Secured Claim shall be satisfied via 120 monthly and consecutive payments in the amount of $101.65. Payments shall commence on the first day of the second month following the Effective Date of the Plan. Allowed Class Three Secured Claims shall be satisfied based on a yearly rate of interest of 6%. |
| 4 | Class Four (4) consists of the Allowed Secured Claim of IRS allowed under § 502 of the Code. IRS was scheduled as holding a claim in the total amount of $27,628.98. Thereafter it filed Proof of Claim No. 8 in the amount of $35,914.78. | No | Yes | If allowed, IRS shall have a Class Four Allowed Secured Claim equal to $35,914.78. If any, the Allowed Class Four Secured Claim shall be satisfied via 120 monthly and consecutive payments in the amount of $313.65. Payments shall commence on the first day of the second month following the Effective Date of the Plan. Allowed Class Three Secured Claims shall be satisfied based on a yearly rate of interest of 6%. |

d. **Class 5 -General Unsecured Claims**

General unsecured claims are Allowed Claims which are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.

The following chart identifies the Plan's proposed treatment of the class of claims which contain general unsecured claims against the Debtor:

| Class | Description | Insider | Impairment | Treatment |
|---|---|---|---|---|
| 5 | Class Five (5) Claim consists of the Allowed General Unsecured Claims, if any, allowed under § 502 of the Code. This Class consists of the prepetition unsecured claims against the Debtor, to the extent Allowed, if any, including the unsecured portion of Condado 5 LLC . It is estimated that Allowed Class Four General Unsecured Claims will be in the amount of $1,228,327.68. | No | Yes | The Debtor shall satisfy the Class Four Claims, or any balance thereto, via 20 (20) quarterly payments in the amount of $150.00 for a total distribution on Allowed Class Four Claims of $3,000.00. Payments shall commence on the first day of the second month following the Effective Date of the Plan. |

e. **Class of Equity Interest Holders**

Equity interest holders are parties who hold an ownership interest (i.e., equity interest) in the Debtor. There are not equity interest holders in this case, since it is a petition made by an individual.

2. Sec. 1129(a)(2) Proponent Compliance with Chapter 11. Debtor is an entity who can file a Plan, who has made the appropriate disclosures and who has complied with the applicable provisions of the Bankruptcy Code.

3. Sec. 1129(a)(3) Plan Proposed in Good Faith. Debtor submits that the Plan has been proposed in good faith and not by any means forbidden by law.

4. Sec. 1129(a)(4) Disclosure of Payments to be made. Debtor submit that any payment made or to be made by the Debtor for services in or in connection to the Plan and incident to the case, has been approved by, or is subject to the approval of the court as reasonable.

5. Sec. 1129(a)(5) Officers and Insiders. Debtor is an individual who will continue to manage his operations upon confirmation.

6. Sec. 1129(a)(6) Rate Approval by Regulatory Agency. Debtor's business prices are not subject to any regulatory agency.

7. Sec. 1129(a)(7) Best Interest. The proposed Plan is in the best interest of the creditors. The Plan will provide at least more than the liquidation value to unsecured claims. This is more than what creditors would receive in a Chapter 7 Liquidation. See Exhibit A at Docket No. 208.

8. Sec. 1129(a)(8) Acceptance/Unimpaired (**See Exhibit 1**). The Debtors notified all class members with a ballot and requested their vote "for" or "against" the plan. The following is a summary of the votes submitted:

- a) Administrative Class is not impaired.
- b) Priority Class is impaired and has voted for the Plan.
- c) Secured Class 1 is impaired and has voted for the Plan.
- c) Secured Class 2 is impaired and has voted for the Plan.
- c) Secured Class 3 is impaired and has not voted.
- c) Secured Class 4 is impaired and has objected the Plan.
- d) Unsecured Class 5 is impaired and has voted for the Plan.
- e) Equity Security Holders- No members to this class

(*See* **Exhibit 2**: Computation of Votes)

9. Sec. 1129(a)(9) Administrative Expenses/Involuntary Gap Expenses/Other Priority Claims/Pre-Petition Taxes (*See* **Exhibit 3**: Payments on Effective Date or as agreed with the parties)

(a) The Effective Date shall mean fourteen (14) days after the final Order entered by the Court confirming Debtor's Plan of Reorganization. This shall be the date in which all initial cash payments under the plan will commence.

(b) All administrative expenses, are to be paid on the Effective Date of the Plan or as agreed between the parties. The Debtor has made every effort to obtain accurate figures.

(c) All unsecured priority governmental claims pursuant to Section 507(a)(4) and (8) of the Code, as the same are allowed, and any priority portion of any debt to all of the governmental units as they are approved and ordered to be paid by the Court, will receive payment in full of their allowed claim and/or the agreed amount plus prevailing interest based on 20 year treasury bonds, as of confirmation date over a period ending no later than 120 months from the date of the order for relief or as agreed by the parties.

10. Sec. 1129(a)(11) Feasibility of Plan. The proposed plan will be mainly funded by Debtor's operations and with capital contribution from third parties, if any.

11. Sec. 1129(b)(1) / 1191(b) Cramdown: The Court shall confirm this Plan, if all of the applicable requirements of 11 USC 1191 (a) and/or (b) and 1129(a), other than sections, 8, 10 and 15, of 1129 (a) are met. Debtor, shall confirm the Plan notwithstanding the requirements of such paragraphs, if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted the Plan. The Debtor reserves its rights to confirm using cramdown procedures set forth under 11 U.S.C. 1129(b) and 1191(b).

11. Sec. 1129(d) Objection by government agency. There is no objection to confirmation by any governmental entity that is a party in interest alleging that the

Plan was proposed to avoid taxes or the security laws of the United States. There is a pending objection by the IRS is on other grounds but not as to these grounds.

13. Sec. 1141(d) Discharge of Debtor. If the Debtor's Plan is confirmed consensually under § 1191(a), on the day the confirmation order becomes a final order, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; or (ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed by cramdown under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the term of the Plan, or as otherwise provided in § 1192 of the Code. Payments to creditors under 1191(b) will be made by the Sub-Chapter V Trustee under Section 1194(a). The Debtor will not be discharged from any debt: (i) on which the last payment is due after the first three (3) years of the plan, or as otherwise provided in § 1192; or (ii) those debts excepted from discharge under § 523(a) of the Code, except if the term to object the discharge provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure has elapsed.

14. Subchapter V Confirmation: A consensual plan may be confirmed under section 1191(a) if all of the requirements of section 1129(a), other than section 1129(a)(15), are met.

15. Approval of Proposed Order of Confirmation. Debtor submits that confirmation of the Plan will be in the best interest of creditors.

16. Effective Date of Plan. As set forth above, the Effective Date shall mean fourteen (14) days after the final Order entered by the Court confirming Debtor's Plan of Reorganization. This shall be the date in which all initial cash payments under the plan will commence.

**WHEREFORE** Debtor prays this Honorable Court for an order confirming the Plan of Reorganization filed at Docket No. 208.

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, this 18th day of August 2026.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the parties detailed therein to receive notice, including the US Trustee.

**C. CONDE & ASSOC.**
Attorney for Debtor
Triple SSS Plaza
PH Suite 1302
1510 Ave. F.D. Roosevelt
Guaynabo, PR 00968
Tel: (787) 729-2900; Fax: (787) 729-2203
Email: condecarmen@condelaw.com

*S/Carmen D. Conde Torres*
Carmen D. Conde Torres, Esq.
USDC No.: 207312

*S/William Alemañy*-Méndez
William Alemañy-Méndez
USDC No.: 305201

EXHIBIT 1

Blumberg No. 5118

SUMMARY OF VOTES RECEIVED

| *Class* | *Creditor* | *Voting Amount* | *Accepted* | *Rejected* |
|---|---|---|---|---|
| **a)Admin** | | | | |
| **b) Priority** | Hacienda | $2,172.00 | ✓ | |
| **c) Secured 1** | Condado | $500,000.00 | ✓ | |
| **c) Secured 2** | Condado | Id. | ✓ | |
| **c) Secured 3** | CRIM | No Ballot Received | | |
| **c) Secured 4** | IRS | No Ballot Received | | ✓ |
| **Unsecured Class 5** | Condado | $ 1,180,164.09 | ✓ | |
| **Unsecured Class 5** | Hacienda | $1,196.79 | ✓ | |
| | Total: | $1,680,164.09 | 5 | 1 |

EXHIBIT
2
Blumberg No. 5118

COMPUTATION OF ACCEPTANCES AND REJECTIONS

**a) Administrative Claims**

The following figures are based on acceptances and rejections received from creditors.

I. CLASS OF CLAIMS:

( ) Impaired*

(X) Unimpaired (deemed to have accepted)

*If the impaired box has been checked, please fill out the remainder of the form.

II. AMOUNT OF ACCEPTANCES / REJECTIONS

Total amount of acceptances:
Total amount of rejections:
Total amount of acceptances and rejections:
Percentage of amount of acceptances:
(Total amount of acceptances divided by the total amount of acceptances and rejections)

III. NUMBER OF ACCEPTANCES / REJECTIONS

Number of creditors filing acceptances:
Number of creditors filing rejections:
Total number of acceptances and rejections:
Percentage of creditors filing acceptances:
(Total number of acceptances divided by the total number of acceptances and rejections)

** Exclude "insiders" (as defined in 11 USC §101(31)) and claims that are contingent, unliquidated and/or disputed if the creditor has not filed a proof of claim)

COMPUTATION OF ACCEPTANCES AND REJECTIONS

**b) PRIORITY TAX CLAIMS**

The following figures are based on acceptances and rejections received from creditors.

I. CLASS OF CLAIMS:

(x) Impaired*

() Unimpaired (deemed to have accepted)

*If the impaired box has been checked, please fill out the remainder of the form.

II. AMOUNT OF ACCEPTANCES / REJECTIONS

| | |
|---|---|
| Total amount of acceptances: | $2,172.00 |
| Total amount of rejections: | $0 |
| Percentage of amount of acceptances: | 100% |

(Total amount of acceptances divided by the total amount of acceptances and rejections)

III. NUMBER OF ACCEPTANCES / REJECTIONS

| | |
|---|---|
| Number of creditors filing acceptances: | 1 |
| Number of creditors filing rejections: | 0 |
| Total number of acceptances and rejections: | 1 |
| Percentage of creditors filing acceptances: | 100% |

(Total number of acceptances divided by the total number of acceptances and rejections)

** Exclude "insiders" (as defined in 11 USC §101(31)) and claims that are contingent, unliquidated and/or disputed if the creditor has not filed a proof of claim)

COMPUTATION OF ACCEPTANCES AND REJECTIONS

**c) SECURED CLAIMS Class 1**

The following figures are based on acceptances and rejections received from creditors.

IV. CLASS OF CLAIMS:

(X) Impaired*

() Unimpaired (deemed to have accepted)

*If the impaired box has been checked, please fill out the remainder of the form.

V. AMOUNT OF ACCEPTANCES / REJECTIONS

| | |
|---|---|
| Total amount of acceptances: | $500,000 |
| Total amount of rejections: | $ |
| Percentage of amount of acceptances: | 100% |

(Total amount of acceptances divided by the total amount of acceptances and rejections)

VI. NUMBER OF ACCEPTANCES / REJECTIONS

| | |
|---|---|
| Number of creditors filing acceptances: | 1 |
| Number of creditors filing rejections: | 0 |
| Total number of acceptances and rejections: | 1 |
| Percentage of creditors filing acceptances: | 100% |

(Total number of acceptances divided by the total number of acceptances and rejections)

** Exclude "insiders" (as defined in 11 USC §101(31)) and claims that are contingent, unliquidated and/or disputed if the creditor has not filed a proof of claim)

COMPUTATION OF ACCEPTANCES AND REJECTIONS

**c) SECURED CLAIMS Class 2**

The following figures are based on acceptances and rejections received from creditors.

I. CLASS OF CLAIMS:

(X) Impaired*

() Unimpaired (deemed to have accepted)

*If the impaired box has been checked, please fill out the remainder of the form.

II. AMOUNT OF ACCEPTANCES / REJECTIONS

| | |
|---|---|
| Total amount of acceptances: | $500,000 |
| Total amount of rejections: | $ |
| Percentage of amount of acceptances: | 100% |

(Total amount of acceptances divided by the total amount of acceptances and rejections)

III. NUMBER OF ACCEPTANCES / REJECTIONS

| | |
|---|---|
| Number of creditors filing acceptances: | 1 |
| Number of creditors filing rejections: | 0 |
| Total number of acceptances and rejections: | 1 |
| Percentage of creditors filing acceptances: | 100% |

(Total number of acceptances divided by the total number of acceptances and rejections)

** Exclude "insiders" (as defined in 11 USC §101(31)) and claims that are contingent, unliquidated and/or disputed if the creditor has not filed a proof of claim)

COMPUTATION OF ACCEPTANCES AND REJECTIONS

**c) SECURED CLAIMS Class 3. Did not Vote**

The following figures are based on acceptances and rejections received from creditors.

I. CLASS OF CLAIMS:

(X) Impaired*

() Unimpaired (deemed to have accepted)

*If the impaired box has been checked, please fill out the remainder of the form.

II. AMOUNT OF ACCEPTANCES / REJECTIONS

Total amount of acceptances: $
Total amount of rejections: $
Percentage of amount of acceptances: %
(Total amount of acceptances divided by the total amount of acceptances and rejections)

III. NUMBER OF ACCEPTANCES / REJECTIONS

Number of creditors filing acceptances:
Number of creditors filing rejections:
Total number of acceptances and rejections:
Percentage of creditors filing acceptances: %
(Total number of acceptances divided by the total number of acceptances and rejections)

** Exclude "insiders" (as defined in 11 USC §101(31)) and claims that are contingent, unliquidated and/or disputed if the creditor has not filed a proof of claim)

COMPUTATION OF ACCEPTANCES AND REJECTIONS

**c) SECURED CLAIMS Class 4. Objected the Plan.**

The following figures are based on acceptances and rejections received from creditors.

I. CLASS OF CLAIMS:

(X) Impaired*

() Unimpaired (deemed to have accepted)

*If the impaired box has been checked, please fill out the remainder of the form.

II. AMOUNT OF ACCEPTANCES / REJECTIONS

| | |
|---|---|
| Total amount of acceptances: | $ |
| Total amount of rejections: | $ |
| Percentage of amount of acceptances: | % |

(Total amount of acceptances divided by the total amount of acceptances and rejections)

III. NUMBER OF ACCEPTANCES / REJECTIONS

| | |
|---|---|
| Number of creditors filing acceptances: | 0 |
| Number of creditors filing rejections: | 0 |
| Total number of acceptances and rejections: | 0 |
| Percentage of creditors filing acceptances: | % |

(Total number of acceptances divided by the total number of acceptances and rejections)

** Exclude "insiders" (as defined in 11 USC §101(31)) and claims that are contingent, unliquidated and/or disputed if the creditor has not filed a proof of claim)

COMPUTATION OF ACCEPTANCES AND REJECTIONS

**GENERAL UNSECURED CLAIMS Class 5**

The following figures are based on acceptances and rejections received from creditors.

I. CLASS OF CLAIMS:

(X) Impaired*

() Unimpaired (deemed to have accepted)

*If the impaired box has been checked, please fill out the remainder of the form.

II. AMOUNT OF ACCEPTANCES / REJECTIONS

| | |
|---|---|
| Total amount of acceptances: | $1,181,360.88 |
| Total amount of rejections: | $0 |
| Total amount of acceptances and rejections: | $1,181,360.88 |
| Percentage of amount of acceptances: | 100% |

(Total amount of acceptances divided by the total amount of acceptances and rejections)

III. NUMBER OF ACCEPTANCES / REJECTIONS

| | |
|---|---|
| Number of creditors filing acceptances: | 2 |
| Number of creditors filing rejections: | 0 |
| Total number of acceptances and rejections: | 2 |
| Percentage of creditors filing acceptances: | 100% |

(Total number of acceptances divided by the total number of acceptances and rejections)

** Exclude "insiders" (as defined in 11 USC §101(31)) and claims that are contingent, unliquidated and/or disputed if the creditor has not filed a proof of claim

Blumberg No. 5
EXHIBIT
3

# OUTSTANDING INVOLUNTARY GAP EXPENSES, OTHER PRIORITY CLAIMS, AND EXPENSES OF ADMINISTRATION

**ADMINISTRATIVE EXPENSES:**

| | |
|---|---|
| Clerk, U.S. Bankruptcy Court | - |
| Previous Attorney for Debtor | $15,000.00 |
| Attorney for Creditor's Committee | - |
| Accountant | |
| Other Professionals (identify): | - |
| Subchapter V Trustee | |
| Total: | $15,000.00 |

**PRIORITY CREDITORS**

SEE BELOW.

**CASH PAYMENTS DUE ON EFFECTIVE DATE:**

| | |
|---|---|
| a) Administrative Class | $15,000.00 |
| b) Priority Class | $108.60 |
| c) Secured Class 1 | No Payment of Effective Date |
| c) Secured Class 2 | No Payment of Effective Date |
| c) Secured Class 3 | $101.65 |
| c) Secured Class 4 | $313.65 |
| d) Unsecured Class 5 | $150.00 |
| e) Equity Security Holders- No members to this class | |
| Total: | $15,673.90 (*Subject to agreement as to payment for Class a*) |